UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:01-cr-190-T-23MAP
 8:05-cv-840-T-23MAP

GEOVANNI QUINTERO-RENDON
_____/

**O R D E R**

Quintero-Rendon's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for conspiracy and possession of cocaine with the intent to distribute and his 360-month sentence. The motion is untimely.

A motion to vacate must be reviewed prior to service on the United States. See Rule 4 of the Rules Governing § 2255 Cases. If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly denied without a response from the United States. 28 U.S.C. § 2255. See also United States v. Deal, 678 F.2d 1062, 1065 (11th Cir. 1982) (a "§ 2255 hearing is not required if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief'")(citation omitted); Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)[1] (affirming district court's summary dismissal of § 2255 motion "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

entitled to relief."); Hart v. United States, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

Quintero-Rendon's motion is time-barred. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final. . . ." 28 U.S.C. § 2255. Quintero-Rendon's conviction and sentence were affirmed on December 31, 2003. Order (Doc. 192) in 8:01-cr-190-T-23MAP. The conviction became final ninety days later upon expiration of the time for filing a petition for writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) ("[E]ven when a prisoner does not petition for certiorari, his conviction does not become 'final' for purposes of § 2255 (1) until the expiration of the 90-day period for seeking certiorari.") (emphasis original). Consequently, Quintero-Rendon's limitations period commenced on March 31, 2004, and expired one year later. The motion to vacate sentence is dated April 29, 2005, which is one month beyond the limitations period. Thus this proceeding is time-barred.[2]

---

[2] Quintero-Rendon asserts on the signature page that the motion is timely pursuant to *Houston v. Lack*, 487 U.S. 266 (1988), because it was mailed on April 29, 2005. The ninety-day period for filing a petition for the writ of certiorari begins on the date of judgment, not the date of the mandate. Rule 13(a), Supreme

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED**.  The Clerk shall enter a judgment against Quintero-Rendon and **CLOSE** this action.

ORDERED in Tampa, Florida, on May 9, 2005.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro

---

Court Rules.  Quintero-Rendon's motion would be timely if the calculation of the ninety-day period was controlled by the date of mandate and not date of judgment.

- 3 -